**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**


**JAMES H. MARTIN,**

    **Petitioner,**

**vs.**                                                            **CASE NO. 1:02CV162-MMP/AK**

**JAMES V. CROSBY, JR., et al.,**

    **Respondents.**

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner's petition for writ of habeas corpus. Doc. 1. Respondents have filed a response, Doc. 7, and Petitioner has filed a reply and several notices of supplemental authority. Docs. 11, 15, 16, & 18. This cause is now in a posture for decision. Having carefully considered the matter, the Court recommends that habeas relief be denied.

On October 25, 1996, Petitioner was convicted of first degree felony murder and sentenced to life imprisonment. Doc. 7, Ex. A at 148-50. The court of appeal affirmed the conviction. Doc. 7, Ex. B. Thereafter, Petitioner filed a motion and an amended motion for post-conviction relief. Doc. 7, Ex. A at 1-25 & 28-87. The trial court

conducted an evidentiary hearing on Petitioner's claims, *id*. at 353-447, and after an exhaustive analysis, it denied the amended post-conviction motion. *Id*. at 94-147 (attach. omitted). The court of appeal affirmed the denial of relief, Doc. 7, Ex. C, and this petition followed. By prior order, this Court found the petition timely, Doc. 5, and Respondent does not further challenge that finding.

On this occasion, Petitioner raises two claims of ineffective assistance of counsel, both of which were exhausted in state court. In the first claim, Petitioner charges that trial counsel was ineffective when he allowed the prosecutor to read a victim impact statement, which was part of the co-defendant's plea colloquy, to the jury without seeking suppression of the statement and without objection. Doc. 1 at 5. In the second ground for relief, Petitioner claims that counsel was ineffective when he failed to take any action after jury members were approached on a lunch break by a victims' rights group. *Id*.

Applying *Strickland*, the state court considered and rejected both of these claims. As to the first claim, the court found:

> The Defendant alleges that defense counsel was ineffective by entering the transcript of Kenneth Fannon's plea colloquy into evidence because the transcript also contained a prejudicial victim impact statement which was subsequently read by the State before the jury. The Defendant also alleges that defense counsel was ineffective for failing to immediately object to the reading of the victim impact statement. The Defendant claims he was prejudiced by the reading of the statement, as some of the jurors were in tears. Further, the Defendant claims that the curative instruction was insufficient in ameliorating the prejudicial impact on the Defendant.

\* \* \*

**No. 1:02cv162-mmp/ak**

For this Court, the first issue is whether the decision by defense counsel to admit Mr. Fannon's plea colloquy was a sound, tactical decision that did not constitute deficient performance under the first prong of the Strickland standard. At the evidentiary hearing, the Defendant testified that he knew during the trial that the plea colloquy of Kenneth Fannon was going to be admitted because there was wording in the colloquy that the jury could interpret as an admission by Mr. Fannon that he was the shooter. The Defendant testified that he knew that the reading of the plea colloquy was a defense strategy and event testified further that he agreed it was a "good strategy." Additionally, the trial judge clearly recognized the strategy of defense counsel in admitting the plea as support for the defense's argument that Mr. Fannon was the shooter and not the Defendant.

[Counsel] testified at the evidentiary hearing regarding his strategy in admitting the plea transcript and he did admit that he knew the transcript contained the victim impact statement. However, [counsel] testified that he held a good faith belief that the victim impact statement would be considered irrelevant and inadmissible. [Counsel] also testified that even in retrospect, he would still decide to admit the plea transcript because he believed that he should have been able to admit the plea transcript without the victim impact statement being read.

Based upon review of the testimony given by [counsel] at the evidentiary hearing and the trial transcript, this Court finds that [counsel's] decision to admit the plea transcript was a tactical, strategic decision that did not fall below a reasonable standard of performance under Strickland.

The second issue to be addressed is that the Defendant claims defense counsel was ineffective for failing to immediately object to the reading of the victim impact statement. At trial, after the State read the victim impact statement, defense counsel did not object, but simply read the remaining portion of the statement. It was not until the next morning that defense counsel moved to strike and redact the statement and requested a curative instruction. At the evidentiary hearing, [counsel] testified that when the State read the victim impact statement, he was "blind-sided by it" and he "did not conceive that the state attorney would introduce such irrelevant evidence." [Counsel] testified that, "I felt blind-sided. It was very quick, I felt that it had already been–the jury had already heard it. I didn't think you could unring the bell. I don't think you can. It shouldn't have been done in the first place. And it bothered me so much that the next morning, first thing, I brought it to the court's attention." He testified that he read further from the victim impact statement in an attempt to "minimize the damage that had already been done." Based

**No. 1:02cv162-mmp/ak**

upon this testimony, this Court finds that defense counsel was taken by surprise by the reading of the victim impact statement and his conduct did not fall below the reasonableness standard of Strickland.

However, even if defense counsel's performance was deficient in failing to immediately object, this Court finds that the Defendant fails the prejudice prong of Strickland. The morning following the reading of the victim impact statement, defense counsel moved to redact and strike the statement and this motion was granted by the trial court. The trial court granted the Defendant's request for a curative instruction and no reference to the statement was to be made by either the State or the defense during the trial.[1] Based upon these actions taken by defense counsel and the trial court, this Court finds that the Defendant has not proven that his counsel's strategy prejudiced the outcome of his trial, nor that the admission of the victim impact statement so affected the fairness and reliability of the trial that this Court's confidence in the outcome is undermined.

Doc. 7, Ex. A at 109-14 (citations omitted).

As to the second claim, the court found:

The Defendant alleges that his attorney was ineffective for failing to move the trial court to conduct individual voir dire of at least four jurors who allegedly had prejudicial contact with a victim's advocate group during the trial. The Defendant also avers that counsel erred in not moving the trial court for a curative instruction to be read to the jury instructing them to disregard the contact with the victim's advocate group.

At the Defendant's trial, four jurors admitted that someone had come across the street during the lunch break and said "something" that might have been directed at the jurors. The trial judge asked those four jurors in the presence of the entire jury if they knew the individual and if the remark would influence their decision in the case in any fashion. The four jurors collectively responded negatively to the questions and agreed that they could disregard the remark. Defense counsel declined an offer from the trial court to question the jurors further.

A high degree of deference is to be given to counsel's decisions regarding litigation strategy.

---

[1]The court further noted that counsel unsuccessfully moved for a new trial based on the admission of the victim impact statement. *See* Doc 7, Ex. A at 114 n.5.

**No. 1:02cv162-mmp/ak**

\* \* \*

[T]his Court finds that the choice of defense counsel in the instant case not to move for individual voir dire or request a curative instruction was a strategic choice.  Therefore, because the decision was a strategic choice made by the Defendant's trial counsel, counsel was not ineffective.

However, even if this Court assumes that defense counsel was in error, the Defendant was not prejudiced by the omission.

\* \* \*

In the instant case, the Defendant was not prejudiced by counsel's failure to move for individual voir dire or request a curative instruction because thorough questioning of the jurors was conducted by the trial court.  The trial court asked the four jurors if they knew the individual that contacted them and if the remark would influence their decision in the case in any fashion.  The four jurors collectively responded negatively to the trial court's inquiries and agreed that they could disregard the remark.  This colloquy met the standard set forth in <u>Teffeteller</u>[2] and thus this Court finds Ground (1) to be without merit.

Doc. 7, Ex. A at 99-103.

**DISCUSSION**

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

---

[2]In *Teffeteller v. Dugger*, 734 So.2d 1009, 1020-21 (Fla. 1999), the court found that counsel did not act deficiently in failing to repeat the judge's questioning of prospective jurors during voir dire, but even if he "was remiss in not asking additional questions during voir dire, it resulted in no prejudice to Teffeteller...."

**No. 1:02cv162-mmp/ak**

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id.* at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412.

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**No. 1:02cv162-mmp/ak**

The fact that the state court did not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision. *Wright v. Secretary for Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002).

Because the state court reached the merits of the two ineffective assistance of counsel claims now before this Court, the question for this Court is whether the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States...." 28 U.S.C. § 2254(d)(1). That task involves a consideration of *Strickland v. Washington*, 466 U.S. 668 (1984).

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id.* at 697. The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's

**No. 1:02cv162-mmp/ak**

performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption...that [counsel] did what he should have done and that he exercised reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001).

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*. Additionally, prejudice is established only with a showing that the result of the proceeding was fundamentally unfair or unreliable. *Lockhart v. Hill*, 506 U.S. 364, 370 (1993).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail...are few and far between." *Chandler*, 218 F.3d at 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 534 U.S. 903 (2001).

**No. 1:02cv162-mmp/ak**

Having carefully considered the matter, the Court is of the opinion that the state court adjudication on both of these issues did not result in a decision that was contrary to or involved an unreasonable application of *Strickland* and its progeny or in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

As to the victim impact statement, the post-conviction court plainly and appropriately applied *Strickland* to the facts developed at trial and during the post-conviction proceedings. Petitioner's reliance on *Booth v. Maryland*, 482 U.S. 496 (1987), to establish prejudice is misplaced, as that case, which found victim impact evidence inadmissible during a capital sentencing hearing, was overruled by *Payne v. Tennessee*, 501 U.S. 808, 827-30 (1991), which concluded that the admission of such evidence is not *per se* violative of the Eighth Amendment. Counsel and the court clearly took steps to minimize any damage caused by the State's abrupt reading of a small portion of the victim impact statement,[3] and even if counsel did act deficiently in failing to move to suppress the victim impact portion of the colloquy before its introduction into evidence or immediately to object to it, this Court does not believe that the state court erred in finding that the outcome of the trial was not undermined by its introduction. It was a small portion of the victim impact colloquy, and by no means, the most inflammatory portion of the colloquy. Furthermore, after the judge's curative instructions, the document was not mentioned again. Though the victim impact statement might have had "some conceivable effect on the outcome of the proceeding,"

---

[3]The prosecutor did not read the entire victim impact statement to the jury. *Compare* Doc. 7, Ex. A at 234-35 *with* Doc. 11, Appendix at 05-07.

**No. 1:02cv162-mmp/ak**

*Strickland*, 466 U.S. at 693, this is insufficient to establish prejudice.  Instead, Petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  This is the standard that the state court used in reaching its conclusion on this issue, and finding nothing unreasonable in its application of this standard, the Court intends to afford the state court's decision all the deference anticipated by § 2254(d) and *Williams*.

The Court reaches the same conclusion as to the jury issue.  When the court bailiff brought to the judge's attention the possibility that a third party had improperly approached the jury during lunch, he immediately questioned the jury about the contact.  When four jurors advised the Court that they had "heard somebody come across and say something that might have been directed to [them]," he carefully asked those jurors if they knew the individual, if the remark would influence their decision, and if they could disregard the remark and follow the court's instructions.  This was, according to the transcript, the procedure to which the court and counsel agreed before the jury was questioned on this matter.  Doc. 7, Ex. A at 213.

It was proper for the court to take charge of this matter and to question the jurors generally without revealing to them the contents of the comments made during the contact.  In this manner, the court minimized the panel's knowledge of the precise nature of the comments, while still allowing it to determine whether the jurors who had heard the comments could remain fair and impartial.  The court questioned them in this regard, and there was really nothing else that counsel could have asked the jurors without repeating, in some manner, what the court had already covered.  If he had pressed the matter and questioned further the credibility of the jurors' answers to the

**No. 1:02cv162-mmp/ak**

court's questions, counsel ran the risk of angering the entire panel and prejudicing it against his client.  Furthermore, an instruction would simply have unnecessarily placed the contact back into the jury's mind, after the issue had been resolved.  The decision to forego additional, cumulative questioning or to request an instruction on the issue in this situation was, as the state court found, absolutely within counsel's discretion as a matter of strategy.  Even if counsel should have pursued questioning or requested an instruction, Petitioner was not prejudiced by counsel's failure.  The court asked what it needed to ask of the affected jurors, and none of those juror's answers indicated the need for additional questioning by the court or counsel.  There was thus nothing unreasonable about the state court's application of *Strickland* or its conclusion that Petitioner had failed to establish any *Strickland* violation on this issue.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this 25th     day of April, 2005.


s/A. Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and

No. 1:02cv162-mmp/ak

**recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:02cv162-mmp/ak**