IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES H MARTIN,

    Petitioner,

v.                                                CASE NO. 1:02-cv-00162-MP-AK

JAMES V CROSBY, JR,
MICHAEL MOORE,

    Respondents.

_____/

**O R D E R**

This matter is before the Court on Doc. 20, Report and Recommendations of the Magistrate Judge, recommending that the petition for writ of habeas corpus, Doc. 1, be denied, and this cause be dismissed with prejudice. The petitioner filed objections, doc. 21, which the Court has reviewed.

The Court agrees with the Magistrate Judge that petitioner's counsel was not ineffective in allowing the reading of a victim impact statement during the trial. First, the victim impact statement was introduced as part of a co-defendant's plea colloquy. While the court agrees with petitioner's objection that the focus should be on the impact statement rather than the plea colloquy, the Court agrees with the Magistrate Judge that the decision to allow the introduction of the plea colloquy was strategically defensible because in the colloquy, the co-defendant tended to implicate himself as the shooter. Second, the Court agrees with the Magistrate Judge that defense counsel took two strategic steps to limit the prejudicial effect of the impact statement by (1) continuing to read from the colloquy to turn attention away from the impact statement; and (2) by moving for, and receiving, the striking of the testimony and a curative

instruction.

Also, the Court agrees with the Magistrate Judge that counsel was not ineffective for declining to conduct further questioning of jurors after the judge asked four jurors whether a brief contact by a victim's rights group would affect their verdict.  The decision to not risk antagonizing jurors or creating undue focus on the victim's rights group was a strategic one, which can almost never be the basis for ineffective assistance of counsel.

For the reasons above, therefore, the Court agrees with the Magistrate Judge that nothing about the state court's decision regarding these claims of ineffective assistance of counsel can be deemed "contrary to" or "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d).  Accordingly it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. This action is DISMISSED, and the clerk is directed to close the file.

**DONE AND ORDERED** this  *20th*   day of October, 2005

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge