IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES H MARTIN,

    Petitioner,

v.                                      CASE NO. 1:02-cv-00162-MP-AK

JAMES V CROSBY, JR,
MICHAEL MOORE,

    Respondents.

_____/

**O R D E R**

This matter is before the Court on Doc. 25, Motion for Certificate of Appealability by James H Martin, which petitioner moved to amend in Doc. 30. The motion to amend is granted. Also, the Petitioner has filed a motion to proceed *in forma pauperis* (doc. 26). With regard to the motion for Certificate of Appealability ("COA"), the Court must determine which issue(s), if any, should be certified for appeal. With regard to the motion to proceed *in forma pauperis*, the Court must consider whether the appeal is taken in good faith, as the term is used in Fed. R. App. P. 24(a)(3) and (4). Having considered the facts of this case and the applicable law, the Court finds that Petitioner should be granted a certificate of appealability and that the motion to proceed *in forma pauperis* should be denied.

The COA requirement is a result of amendments made to 28 U.S.C. § 2253 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. All appeals of habeas petitions which are filed after April 24, 1996, the effective date

of the AEDPA, require that a habeas petitioner first receive a COA before a circuit court can hear the petitioner's appeal.  See Hunter v. United States, 101 F.3d 1565, 1573 (11th Cir. 1996) (en banc), cert. denied, 117 S.Ct. 1695, 137 L.Ed.2d 822 (1997).  Pursuant to the statute, "[a] certificate of appealability may issue . . . only if the applicant has made a *substantial showing* of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (emphasis added).  Section 2253(c)(3) requires the district court to indicate which specific issues, if any, a habeas petitioner is entitled to raise.

In order to make the requisite "substantial showing of the denial of a constitutional right" [28 U.S.C. § 2253(c)(2)], "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" Lozada v. Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (emphasis and brackets in original) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4, 103 S.Ct. 3383, 3394, n.4, 77 L.Ed.2d 1090 (1983)) If a petitioner fails to make such a showing, his or her request for a COA must be denied.  See, e.g., United States v. Riddick, 104 F.3d 1239, 1241 (10th Cir. 1997).

In the instant case, all the courts which reviewed the petitioner's claims concluded that mistakes had occurred during petitioner's trial but also concluded that the mistakes were harmless.  Because of this, the undersigned concludes that reasonable debate is possible

concerning petitioner's claims, and that a Certificate of Appealability should therefore be granted. Also, Petitioner's appeal is therefore not frivolous, and appeal may be taken *in forma pauperis*.

Accordingly it is hereby

**ORDERED AND ADJUDGED:**

1.	The motion to amend (doc. 30) is granted

2.	The motion for Certificate of Appealability (doc. 25) is granted.

3.	The motion to appeal *in forma pauperis* is granted (doc. 26).


**DONE AND ORDERED** this  *4th* day of January, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge